### Commonwealth *vs.* John M. Mason.

If, on the trial of a complaint for making sales in a saloon, in violation of the statutes for the observance of the Lord's day, it does not appear that the defendant was present at the time alleged, nor who were the persons in charge of the saloon or occupied in making any of the sales, it is erroneous to instruct the jury that they "have a right to consider whether it is probable that a mere stranger to the defendant would or could get access to and possession of the saloon in the day time, and continue to do so for the length of time spoken of by the witnesses; and that the fact that the place was kept open by a servant of the defendant could be proved or is provable by circumstantial evidence, but must not be got at or supplied by mere conjecture."

Complaint for doing business in violation of the statutes for the observance of the Lord's day. The business sought to be proved consisted in the sale of cigars and liquors in a saloon kept by the defendant.

At the trial in the superior court, before *Ames, J.*, there was evidence tending to prove that the sales were made, on the day alleged in the complaint, in a saloon of the defendant, but it did not appear that he was personally present at the time, nor who were the persons in charge of the saloon or occupied in making any of the sales. And there was evidence tending to show that the defendant was out of the Commonwealth on the day alleged, and for two or three weeks before. The defendant requested the court to rule that on this evidence he was entitled to an acquittal; but the judge submitted the case to the jury, instructing them, amongst other things, that "though there was no direct evidence who the person was who opened the saloon and did business there, yet the jury had a right to consider whether it

was probable that a mere stranger to the defendant would or could get access to and possession of the saloon in the day time, and continue to do so for the length of time spoken of by the witnesses ; and that the fact that the place was kept open by a servant of the defendant could be proved or is provable by circumstantial evidence, but must not be got at or supplied by mere conjecture."

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*E. Avery*, for the defendant.

*Reed*, A. G., for the Commonwealth.

DEWEY, J. Upon one point we think the judge erred in his instructions to the jury. The defendant had been absent from the Commonwealth for sixteen days previous to the time of the alleged offence. He was only therefore to be charged with a participation in the alleged criminal acts by connecting him with the persons making sales on the 19th of November as servants or agents authorized to conduct his business. But the case finds that it did not appear who were the persons that made the sales complained of. The persons being unknown, and no connection between the defendant and those persons being shown, the defendant asked the court to instruct the jury that he was entitled to an acquittal. The judge, after stating the general rule upon this point very accurately, qualified it by the erroneous instruction that " the jury had a right to consider whether it was probable that a mere stranger to the defendant would or could get access to and possession of the saloon in the day time, and continue to do so for the length of time spoken of by the witnesses." The burden was on the government to establish the fact that the persons who made the sales were agents of the defendant. Probability of guilt is not sufficient to authorize a conviction. The jury are to be satisfied beyond a reasonable doubt of the facts necessary to establish the guilt of the accused. In the opinion of the court, the exception on this point must be sustained.          *Exceptions sustained.*